UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUNHASU CORPORATION,

                    Plaintiff,

          – against –

NORGUARD INSURANCE
COMPANY,

                    Defendant.

**OPINION & ORDER**

19 Civ. 7696 (ER)

Ramos, D.J.:

      Before the Court is Eunhasu Corporation's motion to strike seven of NorGuard Insurance Company's affirmative defenses and impose sanctions against it. For the reasons discussed below, Eunhasu's motions are DENIED.

**I.    BACKGROUND**

      NorGuard began insuring the Manhattan property located at 146-148 West 28th Street, owned by Eunhasu, in January 2017. Am. Compl. ¶ 10–11, Doc. 24. The insurance policy was effective from February 6, 2017, to February 6, 2018. *Id.* ¶ 12. Construction work to an adjacent building damaged the property on September 12, 2017 — damage Eunhasu claims is covered by NorGuard's policy. Eunhasu alleges that it promptly reported this loss to NorGuard, *id.* ¶ 20, but did not submit a claim until February 2019, *id.* ¶ 21. In August 2019 it then filed what it calls a "formal claim" in the form of "Sworn Statements in Proof of Loss." *Id.* ¶ 18. Eunhasu asserts that it has provided NorGuard with all required documentation to substantiate its claim. *Id.* ¶ 23. NorGuard's representatives inspected the premises in July 2019 but no money was disbursed to Eunhasu as of the date of the Amended Complaint. Am. Compl. ¶ 28.

      Eunhasu, a New York corporation, commenced this diversity case on August 16, 2019, alleging that NorGuard, a Pennsylvania corporation, breached its contractual duties by failing to reimburse Eunhasu for the amount to which it is entitled under the insurance

policy. Compl ¶¶ 23, 30, Doc. 1. Specifically, Eunhasu sought reimbursement of nearly $6.9 million for property damages and over $1.3 million in lost business income and other expenses. *Id.* ¶¶ 25, 32. Eunhasu also sought interest calculated from September 12, 2017. NorGuard filed an answer in December 2019, Doc. 15, denying some of the allegations and asserting eleven affirmative defenses, including an assertion that Eunhasu failed to state a claim upon which relief can be granted, Answer ¶ 16, and several defenses reiterating that damages are limited to what is covered by the terms of the insurance policy, *id.* at 3–5.

At the initial pretrial conference held on March 12, 2020, the parties discussed the conduct of the litigation up to that point and summarized their positions to the Court. When the Court asked NorGuard's counsel why his client had not paid the claim, counsel stated: "So [NorGuard] then retained an engineer, and the engineer did a thorough examination and, based on that engineer's review, determined that there was no applicable exclusion and the loss would be covered." Tr. 4:6–9, Doc. 22.

On April 24, 2020, Eunhasu sent a letter to NorGuard (the "April 24 letter") requesting that it withdraw certain of its affirmative defenses based on statements made during the conference. Malin Decl. ex. I, Doc. 36. It requested that NorGuard withdraw its first affirmative defense regarding Eunhasu's failure to state a claim; the second affirmative defense that the complaint was "premature"; the third, fourth, fifth, seventh, and ninth affirmative defenses asserting that damages are limited to what is covered by the terms of the insurance policy; the sixth affirmative defense that recovery is limited to Eunhasu's insurable interest; the tenth affirmative defense disputing the time from which interest should be calculated; and the eleventh affirmative defense that reserves NorGuard's right to assert additional defenses as appropriate. *Id.* at 2–3. Eunhasu stated in its letter that it believed these affirmative defenses were included for "no substantive purpose other than to 'harass, cause unnecessary delay, or needlessly increase the cost of litigation.'" *Id.* at 3 (quoting Fed. R. Civ. P. 11(b)(1)). Eunhasu warned that if the

defenses were not withdrawn, it would "seek court intervention pursuant to Rule 11(c)." *Id.* Neither party has indicated to the Court that NorGuard replied to Eunhasu's April 24 letter.

On April 27, 2020, Eunhasu filed an amended complaint. *See, e.g.*, Am. Compl. ¶¶ 29, 38. Eunhasu also asserted for the first time a claim that NorGuard breached the implied covenant of good faith and fair dealing, resulting in consequential damages. *Id.* ¶ 47, 50, 59, 62. NorGuard filed an answer to the amended complaint on May 11, 2020, asserting ten affirmative defenses, including most of the defenses Eunhasu requested be withdrawn. Am. Answer, Doc. 25. It combined, however, the original first and second affirmative defenses, *id.* ¶ 23, modified the language of other defenses, and removed the fifth (insured's compliance with Section E.3 of the insurance policy) and eleventh (blanket reservation of defenses) defenses from the original answer. Eunhasu filed the instant motion on July 29, 2020, seeking to strike the first, second, third, fourth, fifth, seventh, and eighth affirmative defenses in the amended answer. Doc. 35. It also requests that sanctions be imposed against NorGuard for its failure to withdraw these defenses after receiving the April 24 letter.

## II.  MOTION TO STRIKE AFFIRMATIVE DEFENSES

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter" of its own accord or on motion by a party. Motions to strike, however, are generally disfavored, *City of New York v. FedEx Ground Package Sys., Inc.*, No. 13 Civ. 9173 (ER), 2017 WL 633445, at *2 (S.D.N.Y. Feb. 14, 2017), and "courts should not tamper with the pleadings unless there is a strong reason for so doing," *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). Accordingly, a motion to strike a defense "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) (internal

3

quotation marks omitted), *vacated and remanded on other grounds*, 478 U.S. 1015 (1986).

Courts in this Circuit typically apply a stringent three-part test to motions to strike: "(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense." *See, e.g.*, *FedEx*, 2017 WL 633445, at *3; *Specialty Mins., Inc. v. Pluess-Stauger AG*, 395 F. Supp. 2d 109, 111 (S.D.N.Y. 2005) (same). When considering the first and second prongs, courts apply a similar legal standard as that applicable to a motion to dismiss under Rule 12(b)(6): they must determine the "sufficiency of a defense . . . solely upon the face of the pleading" and "accep[t] as true all well-pleaded factual allegations and dra[w] all reasonable inferences in the [non-moving party's] favor." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y 2010). In other words, a motion to strike "is not intended to furnish an opportunity for the determination of disputed and substantial questions of law." *Cty. Vanlines Inc. v. Experian Info. Sols., Inc.*, 205 F.R.D. 148, 153 (S.D.N.Y. 2002).

The third prong of the test requires denial of a motion to strike if there is no showing of prejudice. Such prejudice may be found, for example, when inclusion of the "legally insufficient defense would needlessly increase the time and expense of trial or duration and expense of litigation." *FedEx*, 2017 WL 633445, at *3 (internal quotation marks omitted). Mere assertions of prejudice by the moving party are insufficient to satisfy this prong. *Cty. Vanlines*, 205 F.R.D. at 153.

### A. The First Affirmative Defense

NorGuard's first affirmative defense states that Eunhasu has failed to state a claim for which relief can be granted because NorGuard has not yet denied Eunhasu's insurance claim, rendering the complaint "premature." Am. Answer ¶ 23. Eunhasu argues that the Amended Complaint does allege facts that support its breach of contract claim, thereby

4

"indisputably stat[ing] a claim for which relief can be granted." Mot. to Strike at 8, Doc. 35.

The failure-to-state-a-claim defense may be asserted in a defending party's separate motion pursuant to Rule 12(b)(6), or it may be asserted in the responsive pleadings. *SEC v. Toomey*, 866 F. Supp. 719, 723 (S.D.N.Y. 1992). In the latter case, the defense takes on the character of a general denial and bears a lesser burden than if it formed the basis of a motion to dismiss. *Id.* Because "[t]he question of whether [Eunhasu] has stated a claim upon which relief can be granted appears only as a defensive pleading," it "does not demand immediate resolution." *Id.* Thus, the Court need not determine at this time whether Eunhasu has *actually* stated a claim upon which relief can be granted and may, without further analysis, accept this defense as a "perfectly appropriate affirmative defense to include in the answer." *Id.*

NorGuard's defense also differs from a similar one struck down in a case cited by Eunhasu in its reply brief, *Fleet Business Credit Corp. v. Nat'l City Leasing Corp.*, 191 F.R.D. 568 (N.D. Ill. 1999). In *Fleet Business*, the court struck down a boilerplate failure-to-state-a-claim defense because it was "no more than a recitation of the standard for a motion to dismiss." *Id.* at 569 (internal citations omitted). But, unlike the defense in *Fleet Business*, NorGuard's first affirmative defense is not boilerplate. Rather, it includes a specific allegation as to why Eunhasu has failed to state a legally redressable claim: that NorGuard has not yet breached the insurance policy because it has yet to deny the insurance claim. Am. Answer ¶ 23.

Assuming *arguendo* that the first affirmative defense was insufficient, Eunhasu's motion also fails the prejudice prong of the test. *Coach*, 756 F. Supp. 2d at 425–26. Eunhasu claims that inclusion of the failure-to-state-a-claim defense — and the rest of the defenses discussed in the motion to strike — causes prejudice because it conflicts with NorGuard's admission in open court that there is "no applicable exclusion" to the loss and will require needless discovery. The nature of this defense as a general denial,

however, means that the defense will likely not cause Eunhasu any additional prejudice beyond the normal burden of proving its case. Simply put, the failure-to-state-a-claim defense is accepted as a "perfectly appropriate affirmative defense to include in the answer," *Toomey*, 866 F. Supp at 723, and courts generally find as a matter of course that the defense causes no prejudicial harm. *Id.* ("A plaintiff suffers no prejudice when the failure-to-state-a-claim defense is used in the pleadings."); *see also SEC v. Thrasher*, No. 92 Civ. 6987 (JFK), 1995 WL 456402, at *5 (S.D.N.Y. Aug. 2, 1995) (noting while this type of defense may be redundant, it is unlikely to cause prejudicial harm). Accordingly, the Court denies Eunhasu's motion to strike the first affirmative defense.

### B. The Second, Third, Fourth, Fifth, and Seventh Affirmative Defenses

NorGuard's second, third, fourth, fifth, and seventh affirmative defenses each assert similar limitations, based on the contractual terms of the Insurance Policy, that may affect the scope of NorGuard's liability or the amount of damages to which Eunhasu is entitled.[1] The second, third, fourth, and seventh affirmative defenses also contain "should discovery reveal" or similar language recognizing that discovery may reveal facts that bring these limitations into play.

Eunhasu objects to these defenses because it believes that a defendant cannot plead "hypothetical possibilities," but rather must plead specific facts. Mot. to Strike at 10 (citing *Fleet Business Credit Corp. v. Nat'l City Leasing Corp.*, 191 F.R.D. 568, 570 (N.D. Ill. 1999)). Further, Eunhasu maintains that these hypothetical defenses, even if permissible, are immaterial to the complaint because they "do not point to any specific defect as to the damages [sought] or a theory of coverage" under the insurance policy. *Id.*

---

[1] The second affirmative defense is based on limitations on the type of damage that is covered by the policy in Paragraph A of Section I of the Businessowner's Coverage Form. Malin Decl. 36 ex. A at 57–59. The third and seventh affirmative defenses are based on provisions of the policy that limit liability to "loss or damage commencing during the policy period." *Id.* at 81. The fourth affirmative defense asserts that coverage is limited to Eunhasu's insurable interest, as noted in Paragraphs E.5.c and -d regarding the insured's financial interest. *Id.* at 78–79. The fifth affirmative defense is based on contractual limitations on what the insurer will ultimately pay out in the event of covered loss, including limits based on agreed-upon coinsurance. *Id.* at 48, 78–80.

(citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993), *overruled on other grounds by* 510 U.S. 517 (1994)).  Eunhasu also argues that these defenses should be stricken because they contradict NorGuard's admission during the conference that there is no "applicable exclusion and the loss would be covered." Tr. 4:9.

      Contrary to Eunhasu's assertions, Rule 8 does not require affirmative defenses to be based only on facts.  Defenses may be of a factual, legal, or equitable nature.  *Cf.* Fed. R. Civ. P. 8(c)(1) (stating that certain non-factual defenses, such as estoppel and statute of limitations, must be asserted in a responsive pleading).  With regard to form, a defendant responding to a pleading must "state in short and plain terms its defenses to each claim asserted against it," Fed. R. Civ. P. 8(b)(1)(A), and the defenses must be "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1).  By pointing to pertinent contractual limitations set forth by the Insurance Policy using clear and direct language, the affirmative defenses at issue here give Eunhasu "fair notice of the nature of [NorGuard's] defense." *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D 125, 132–33 (E.D.N.Y. 2015).  Through discovery to which both parties are entitled, facts may be uncovered that implicate these contractual terms and limit the scope of liability or the amount of damages.  *Cty. Vanlines Inc. v. Experian Info. Sols., Inc.*, 205 F.R.D. 148, 154–55 (S.D.N.Y. 2002) ("While this issue [of third party/intervening causation] may be easily resolved in plaintiff's favor during discovery, defendant is entitled to such discovery."); *see also City of New York v. FedEx Ground Package Sys., Inc.*, No. 13 Civ. 9173 (ER), 2017 WL 633445, at *3 (S.D.N.Y. Feb. 14, 2017) (noting that without the benefit of discovery, courts generally should not dispose of disputed questions of law).

      Eunhasu argues that NorGuard counsel's statement at the pretrial conference that there is no "applicable exclusion and the loss would be covered," Tr. 4:9, binds NorGuard and contradicts these affirmative defenses such that they must be stricken.  The Court agrees that statements made by counsel in informal contexts may affect the propriety of the content of an answer.  *Sibley*, 304 F.R.D. at 134–35 (striking a denial because

representations made in a letter requesting a pre-motion telephone conference contradicted an assertion that defendant lacked knowledge sufficient to form a belief). For purposes of the present motion, however, the Court does not find that counsel's statement contradicts these affirmative defenses or renders them "insufficient . . . redundant, immaterial, impertinent, or scandalous," Fed. R. Civ. P. 12(f). In other words, though Eunhasu may be entitled to recover, as acknowledged by NorGuard's counsel, they are only entitled to recover for losses covered by the policy.

Furthermore, as with the first affirmative defense, assertion of these defenses does not prejudice Eunhasu. These defenses simply remind Eunhasu of what it has admitted in its reply brief: that it "bears the burden of proof to establish damages pursuant to the terms and conditions of the contract." Doc. 39. It is difficult to see how these defenses will prejudicially expand the scope of discovery when they point to terms of the insurance policy that will likely come into play if and when Eunhasu is called to prove damages. *Aros v. United Rentals, Inc.*, No. 10 Civ. 73 (JCH), 2011 WL 5238829, at *4 (D. Conn. Oct. 31, 2011). For these reasons, the Court denies Eunhasu's motion to strike the second, third, fourth, fifth, and seventh affirmative defenses.

### C. The Eighth Affirmative Defense

In its motion to strike, Eunhasu explicitly clarifies that it requests interest pursuant to N.Y. C.P.L.R. § 5001. Under this section, interest is recoverable upon a sum awarded in an action for breach of contract. With certain exceptions, this interest is generally computed "from the earliest ascertainable date the cause of action existed." *Id.* § 5001(b). In response to Eunhasu's claim for interest under § 5001 calculated from September 12, 2017 (the date of the loss), Am. Compl. at 10, NorGuard's eighth affirmative defense asserts that interest, if awarded at all, should be calculated from the "date of any proven breach." Eunhasu argues that this defense should be stricken because the date of breach is "easily ascertainable" and does not relate to NorGuard's liability or the amount of damages.

8

NorGuard's defense regarding the date from which interest should be calculated is supported by legal precedent and sufficient to withstand the motion to strike. For example, the court in *Brushton-Moira Cent. Sch. Dist. v. Fred H. Thomas Assocs., P.C.*, 91 N.Y.2d 256 (1998), found that § 5001 interest accrued from the date of breach of the underlying contract in that case. *See also Granite Ridge Energy, LLC v. Allianz Global Risk U.S. Ins.*, 979 F. Supp. 2d 385, 393–94 (S.D.N.Y. 2013) (applying this rule in the insurance context); *10 Park Square Assocs. v. The Travelers*, 732 N.Y.S.2d 305, 307 (App. Div. 4th Dep't 2001) (same). These cases lend support to NorGuard's contention that interest pursuant to § 5001 should be calculated from the date of contractual breach (which NorGuard contends has not yet occurred), rather than Eunhasu's claim that interest accrues from the date of the of loss. Neither does this defense prejudicially expand the scope of discovery, since Eunhasu bears the burden of establishing the basis for any claimed interest amount on the judgment. Therefore, the Court will not strike the eighth affirmative defense.

### III.    MOTION FOR SANCTIONS UNDER RULE 11

Under Rule 11(b) of the Federal Rules of Civil Procedure, an attorney presenting papers to the court certifies, among other things, that she does not present them with an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," without support in existing law, or without evidentiary support. In turn, Rule 11(c) authorizes sanctions "after notice and a reasonable opportunity to respond" in response to a party's violations of Rule 11(b). When sanctions are requested by a party rather than imposed by the court on its own, the party must comply with the "safe harbor" provision of Rule 11(c)(2): the motion for sanctions, made separately from any other motions, should be sent to the opposing party but not actually filed with the court until the challenged paper or action is withdrawn or appropriately corrected within 21 days after service of the motion. The language of Rule 11(c)(2) requires strict compliance. *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 309 (S.D.N.Y. 2005).

The Advisory Committee notes to Rule 11 list a set of factors for courts to consider when deciding whether to grant sanctions, such as "whether the improper conduct was willful, or negligent." Fed. R. Civ. P. 11(c) advisory committee's note to 1993 amendment; *see also Zlotnick v. Hubbard*, 572 F. Supp. 2d 258, 272 (N.D.N.Y. 2008) (affirming the consideration of this factor). Of relevance to the present motion, sanctions are also appropriate if a party learns that a claim it has made has become unsupportable or "groundless" after filing but has refused to withdraw same. *Calloway v. Marvel Entm't Grp.*, 854 F. 2d 1452, 1472 (2d Cir. 1988), *rev'd in part on other grounds*, 493 U.S. 120 (1989). Nevertheless, courts must be "careful not to rein in zealous advocacy" and should consider a motion for Rule 11 sanctions "with restraint and discretion." *Pannonia Farms, Inc. v. USA Cable*, 426 F.3d 650, 652 (2d Cir. 2005) (internal citations omitted).

### A. Rule 11(c)'s Procedural Requirements

At the outset, the Court addresses the parties' dispute regarding Eunhasu's compliance with the procedural requirements of Rule 11(c). It is clear that Eunhasu did not comply with the requirement that a Rule 11 sanctions motion must be filed separately from any other motion, and instead filed a joint motion to strike affirmative defenses and for sanctions. *Martens v. Thomann*, 273 F.3d 159, 177–178 (2d Cir. 2001). Although there is some precedent for considering a joint sanctions motion on its merits when the movant has received prior leave from the court, *see, e.g.*, *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 480 n.27 (S.D.N.Y. 2003), *aff'd*, 426 F.3d 549 (2d Cir. 2005), no such leave was either requested or granted here.

Similarly, Eunhasu did not comply with the safe harbor provision by waiting 21 days to file its motion with the Court after serving a copy to NorGuard. The 21 days begins after service of the motion itself, not after service of warning letters or other correspondence. *Gal*, 403 F. Supp. 2d at 309 ("[T]he rule says nothing about the use of letters."); *see also* Fed. R. Civ. P. 11(c) advisory committee's note to 1993 amendment

("To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule . . . the 'safe harbor' period begins to run *only upon service of the motion*." (emphasis added)).  Eunhasu did not serve its motion on NorGuard at all before filing it with this Court and therefore failed to comply with the requirements of Rule 11(c).

Eunhasu argues that it did not need to follow Rule 11(c)'s strict requirements because Norguard, after being made aware of the grounds of Eunhasu's anticipated motion in the April 24 letter, filed an amended answer repeating many of the challenged affirmative defenses.  In support, Eunhasu points to decisions from courts in this District that allowed Rule 11(c) motions after the opposing party indicated it would not withdraw or correct the challenged actions, even though fewer than 21 days had passed since service of the motion.  *See Malvar Egerique v. Chowaiki*, No. 19 Civ. 3110 (KPF), 2020 WL 1974228, at *7 (S.D.N.Y. April 24, 2020); *Watkins v. Smith*, No. 12 Civ. 4635 (DLC), 2013 WL 655085, at *6 (S.D.N.Y. Feb. 22, 2013).  Unlike either of these cases, however, Eunhasu never actually served a copy of its Rule 11 motion on NorGuard.  On its face, Rule 11(c)(2) admits of no exception to its requirements that a sanctions motion *must* be made separately from any other motion, *must* be served in accordance with Rule 5, and *must not* be filed with the court if the challenged contention is withdrawn within 21 days of service.  These requirements have repeatedly been enforced by the Second Circuit. *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 142 (2d Cir. 2002); *see also Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328–29 (2d Cir. 1995) (reversing sanctions based on movant's failure to file a separate motion or comply with the safe harbor provision). Accordingly, the Court will enforce the express requirements of the Rule and deny the motion based on the failure to abide by the safe harbor provision.

### B. The Motion Fails on the Merits

Even if the motion for sanctions were procedurally sound, it nevertheless fails on the merits because the affirmative defenses asserted, as discussed above, present non-

11

frivolous disputes that may affect the outcome of this litigation.  Thus, it cannot be said that the defenses have "no chance of success." *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995) (citation omitted).  Further, the Court does not find willful or negligent behavior by NorGuard in its representations that, in response to the April 24 letter, it "carefully evaluated its [original] defenses and subsequently revised them where appropriate in its answer to the amended complaint."  Opp'n Mem. at 7.  Ultimately, while NorGuard was free to comply with Eunhasu's April 24 letter by withdrawing the affirmative defenses at issue, it was also justified in refusing to withdraw those defenses because they meet Rule 8(b)'s responsive pleading requirements.

### IV. CONCLUSION

For the foregoing reasons, Eunhasu's motion to strike the first, second, third, fourth, fifth, seventh, and eighth affirmative defenses and impose sanctions against NorGuard is DENIED.  The Clerk of the Court is respectfully directed to terminate the motion, Doc. 33.

It is SO ORDERED.

Dated:   September 14, 2020
         New York, New York

                                              _____
                                              EDGARDO RAMOS, U.S.D.J.